■ SHIRLEY A. BROWN et al., Appellants, v AAMES CAPITAL CORPORATION et al., Respondents. [789 NYS2d 475]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered May 13, 2003, which, in an action by plaintiff mortgagors to set aside a foreclosure sale, granted defendant mortgagee's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

As the motion court previously held in denying plaintiffs' motion for a preliminary injunction staying the eviction proceedings pending against them in Civil Court, the foreclosure sale, which was conducted pursuant to a Bankruptcy Court order lifting the automatic stay imposed by the third bankruptcy proceeding filed by one of the plaintiffs, was unaffected by the dismissal of that proceeding some five weeks after the public sale and two days before the delivery of the Referee's deed to defendant. Bankruptcy Code (11 USC) § 349 (b) provides, inter alia, that dismissal of a case revests the estate's property in the holder thereof immediately before the commencement of the case, "[u]nless the court, for cause, orders otherwise." It is clear the Bankruptcy Court departed from the prevailing rule here. As the motion court stated, it would be "utterly nonsensical" to say that the Bankruptcy Court intended defendant to proceed with the sale only to then revest title in plaintiffs by dismissing the bankruptcy proceeding. Concur—Buckley, P.J., Tom, Andrias, Marlow and Ellerin, JJ.